# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MONIQUE STEWART,**

        **Plaintiff,**

v.                                       Case No. 03-C-745

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        **Defendant.**

# DECISION AND ORDER

On August 7, 2003, Monique Stewart ("Stewart") commenced this action against the Commissioner of Social Security ("Commissioner") appealing the administrative law judge's ("ALJ") denial of her claim for supplementary security income ("SSI"). The Court granted Stewart's appeal and remanded the case to the Commissioner. All that remains in this action is Stewart's motion for attorney's fees and litigation expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").

## BACKGROUND

Stewart filed a SSI application alleging that she suffered a mental defect that affected her ability to work and socially interact with others. The ALJ denied Stewart's claim. The ALJ's denial was based, in part, on the vocational expert's ("VE") testimony that there were a significant number of jobs Stewart could perform locally. The VE relied upon *Employment Statistics Quarterly* (a private publication), *Job Quest* (a computer program), and his

experience of helping people find employment. However, the VE did not rely upon the Department of Labor's *Dictionary of Occupational Titles* ("DOT"), which is generally used to make such an assessment. Stewart objected to the VE's methodology at the hearing. The ALJ made an inquiry at the hearing and found the VE reliable. Stewart then expanded her objection to the VE's testimony by pointing out specific conflicts between the VE's testimony and the DOT. The ALJ decided not to address Stewart's additional objection at the hearing, but instead allowed her to make written submissions in support of her objection. Stewart submitted her written objection, but the ALJ never addressed the merits of her objection in the decision denying her benefits.

The Court vacated the ALJ's decision because the ALJ failed to address the VE's reliability in violation of Social Security Ruling ("SSR") 00-4p. SSR 00-4p requires an ALJ to address the reliability of a vocational expert whose conclusions differ from the DOT.

## DISCUSSION

The EAJA requires the Court to grant attorney's fees and expenses to a party that prevails in a civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A substantial justification exists if there was a "genuine dispute" or if a reasonable person could differ as to the propriety of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Commissioner bears the burden of establishing not only that the government's position was substantially justified during the

litigation, but also prior to litigation . *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The ALJ's decision is part of the Commissioner's pre-litigation conduct. *Id*.

The Commissioner cites *Jackson v. Chater*, 94 F.3d 274 (7th Cir. 1996) in support of his contention that his position was substantially justified. In *Jackson*, like here, the VE's testimony about the employment market conflicted with the DOT. The district court remanded the matter to the ALJ, but denied the claimant's motion for attorney's fees. The Seventh Circuit affirmed. *Id*. The court of appeals reasoned that while the Commissioner's position was incorrect, it was substantially justified because there was other evidence in the record that supported the VE's assessment of the marketplace. *Id*. at 280.

While the facts of *Jackson* are akin to those here, its holding is inapposite because at the time *Jackson* was decided an ALJ did not have a specific obligation to explain how he resolved a conflict between the VE's testimony and the DOT. SSR 00-4p was not promulgated until December 2000, four years after the decision in *Jackson*. *See Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002). Unlike the law that governed when *Jackson* was decided, now there is no longer a reasonable basis in law or fact for an ALJ to omit explaining how he resolved a discrepancy between the VE's testimony and the DOT.

SSR 00-4p is clear. It requires the ALJ to "[e]xplain [in the] determination or decision how any conflict [with the DOT] that has been identified was resolved." The ALJ ignored this clear mandate from the Commissioner's own ruling. His failure to do so made it impossible for the Court to determine whether there was substantial evidence to support the finding that there were a significant number of jobs available for Stewart.

3

The Commissioner nevertheless contends that even if the ALJ failed to comply with SSR 00-4p, there is evidence on the record to support the ALJ's reliance on the VE. The Commissioner's argument is unavailing because when an administrative agency litigates the validity of its decisions, it may only advance the same grounds relied upon by the ALJ. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ.") The ALJ did not explain why he relied upon the VE's testimony that may have conflicted with the DOT, so the Court cannot consider the Commissioner's *post hoc* justifications for the ALJ's position.

The Commissioner failed to meet his burden of establishing substantial justification, so the Court grants Stewart's motion for attorney's fees and costs for $6,242.50.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Stewart's Motion for Attorney's Fees and Costs (Docket No. 30) is **GRANTED.** The Commissioner is directed to pay Stewart **$6,242.50** in attorney's fees and costs.

Dated at Milwaukee, Wisconsin this 19th day of July, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**